UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EQUAL RIGHTS CENTER
11 Dupont Circle NW
Suite 400
Washington, DC 20036-1226,

KATIE SAVAGE
4202 Thirteenth St., N.W.
Apartment 100
Washington, D.C. 20011, and

LEWIS STARKS
930 Farragut Street, N.W.
Apartment 409
Washington, D.C. 20011,

           Plaintiffs,

    v.

DISTRICT OF COLUMBIA
Office of the Secretary of the
District of Columbia
441 Fourth Street, NW
Suite 1130
Washington, DC 20001 and

JEANETTE A. MICHAEL, DIRECTOR
D.C. LOTTERY AND CHARITABLE GAMES
CONTROL BOARD
2101 Martin Luther King, Jr. Avenue, S.E.
Washington, D.C. 20020-5731,

           Defendants.

Docket No. _____

COMPLAINT

Jury Trial Demanded

## NATURE OF THE CASE

1.     This action is brought to challenge the policy and practice of the District of

Columbia and its Lottery Board for licensing a significant percentage of its agents to sell lottery

tickets in stores and businesses that are not accessible to persons with disabilities who have

mobility impairments, thereby discriminatorily denying these persons with disabilities an equal opportunity to play the D.C. Lottery.

2.     Plaintiffs Equal Rights Center, Katie Savage, and Lewis Starks, by their undersigned counsel, allege the following upon actual knowledge with respect to themselves and upon information and belief, against the District of Columbia ("the District" or "D.C."), and its Director of the D.C. Lottery and Charitable Games Control Board ("the D.C. Lottery Board"), in her official capacity (collectively "Defendants"):

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under D.C. law pursuant to 28 U.S.C. § 1367.

4.     Venue properly lies before this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Plaintiff Equal Rights Center is a not-for-profit membership corporation duly organized under the laws of the District of Columbia, with its principal place of business in the District of Columbia.   The Equal Rights Center's membership is composed of individuals, many of whom are persons with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(2), the Rehabilitation Act, 29 U.S.C. § 705(20)(B), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.02(5A), who wish to play the D.C. Lottery.

6.     The Equal Rights Center seeks to eliminate discrimination on the basis of disability and to promote equal access to all goods, services, facilities, privileges and advantages of public entities and places of public accommodations.  One of the reasons people with disabilities join the Equal Rights Center as members is to further these purposes.  The Equal Rights Center pursues these purposes and goals through various means, including research,

public education, counseling and conciliation, and litigation. The Equal Rights Center's organizational purpose is adversely affected by Defendants' failure to ensure equal access to stores and businesses that sell lottery tickets; it cannot assure its members that they will be able to participate in the D.C. Lottery equally with non-disabled persons. Its members also suffer direct and concrete injuries because they are denied the opportunity to purchase lottery tickets equally to the opportunity afforded non-disabled persons. The Equal Rights Center has devoted significant resources in attempting to alleviate this problem.

7.    Plaintiff Katie Savage, a natural person and a citizen of the United States, is a resident of Washington, D.C. Ms. Savage uses a wheelchair because of a physical impairment that substantially limits the major life activity of walking. Ms. Savage is a person with a disability as defined by the Americans with Disabilities Act, Rehabilitation Act, and D.C. Human Rights Act.

8.    Plaintiff Lewis Starks, a natural person and a citizen of the United States, is a resident of Washington, D.C. Lewis Starks has a physical impairment that substantially limits the major life activity of walking. Mr. Starks uses a wheelchair. Lewis Starks is a person with a disability as defined by the Americans with Disabilities Act, Rehabilitation Act, and D.C. Human Rights Act.

9.    Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States of America.

10.    Defendant Jeanette A. Michael, in her official capacity, is the Director of the D.C. Lottery Board And Charitable Games Control Board, an agency of the Defendant District of Columbia. The D.C. Lottery and Charitable Games Control Board ("the D.C. Lottery Board") is responsible for operating and administering the D.C. Lottery, including issuing licenses to lottery sales agents at specific locations.

## STATEMENT OF FACTS

11.     The D.C. Lottery Board issues and renews licenses to sales agents throughout the District to sell D.C. Lottery tickets.  As a part of this process, the D.C. Lottery Board approves locations at which lottery tickets may be sold by Defendants' sales agents.

12.     Since the inception of the D.C. Lottery in 1982, Defendants have licensed hundreds upon hundreds of agents to sell lottery tickets.  Currently, there are approximately 475 lottery sales agents throughout the District of Columbia.

13.     District of Columbia Municipal Regulations require that applicants for a lottery license:

      a.     operate a lawful establishment in the District of Columbia which is open to the public; and

      b.     provide a physically secure and readily accessible location.

D.C. Mun. Regs. tit. 30, Chapter 2, §§ 201.2 (a) and (e).

14.     D.C. Municipal Regulations require that Defendants – before licensing an agent to sell lottery tickets – assess the accessibility of the agent's place of business to the public to determine the applicant's eligibility.

15.     The Americans with Disabilities Act requires the Defendants to make reasonable accommodations to ensure that persons with disabilities are able to participate in the D.C. Lottery where D.C. lottery tickets are sold by licensed stores and other agents.  The D.C. Lottery Board acknowledges this requirement in publicly-disseminated materials which include an "Executive Message" from the D.C. Lottery Board's Executive Director.

16.     After being issued a license, the lottery agent must agree to comply with any rules, regulations and instructions promulgated by Defendants.

17.    The D.C. Lottery Board directly benefits local businesses that have been licensed as agents by, *inter alia*, providing commissions to these agents as compensation for selling lottery tickets.

18.    Since the D.C. Lottery's inception in 1982, Defendants have licensed and continue to license new sales agents located in places of business that are inaccessible to persons with disabilities.

19.    Since the D.C. Lottery's inception in 1982, Defendants have renewed and continue to renew licenses of sales agents located in places of business that are inaccessible to persons with disabilities.

20.    Defendants' conduct excludes Plaintiffs and other persons with disabilities from participating in the D.C. Lottery with the same opportunity as non-disabled persons.

21.    For example, Plaintiff Katie Savage, like many persons who live in the city, at times enjoys purchasing a lottery ticket. She also does errands for other people with disabilities in her apartment building, and is at times asked to purchase lottery tickets for them. Ms. Savage, however, cannot purchase lottery tickets at any of the D.C. Lottery sites closest to her home. Not one of the twenty lottery sites closest to Plaintiff Savage's home is accessible.

22.    The three closest lottery agents, each less than three tenths of a mile from Ms. Savage's home, are: Shepherd Market, at 1247 Shepherd Street, N.W.; SuperSavers Grocery at 4413 14th Street, N.W.; and Uneeda Market at 4400 Georgia Avenue, N.W. All three outlets have at least one step at the store's entrance, and thus prevent Ms. Savage from entering with her wheelchair. In fact, of the twenty closest lottery sites, only five have accessible entrances, and none of those five provide internal access to lottery sales. Ms. Savage therefore must travel to a Safeway at 6500 Piney Branch Road, N.W., almost two miles from her house, to buy her D.C. Lottery tickets.

23.    The inaccessible lottery sites Ms. Savage encounters force her to incur additional costs, both in terms of her money and her time.

24.    Plaintiff Lewis Starks plays the D.C. Lottery almost every day. Not one of the twenty lottery sites closest to Mr. Starks' home in Northwest Washington D.C. is accessible: only two of the 20 have an accessible entrance, and both of those fail to provide internal access to lottery sales.

25.    Because virtually all of Mr. Starks' business and social appointments take him south of his apartment, Mr. Starks prefers to buy his lottery tickets at an outlet south of his apartment. When Mr. Starks goes south from his apartment, he has to travel three quarters of a mile, to the 29th-closest lottery outlet to his apartment, a Shell gas station at 4000 Georgia Avenue, to reach a lottery outlet that has an accessible entrance. He must pass seven inaccessible lottery agents to arrive at this accessible agent.

26.    Mr. Starks sometimes plays the lottery at a licensed location at 4701 Georgia Avenue. This location is inaccessible because neither of the two leaves of its front door is wide enough to enable Mr. Starks to enter in his wheelchair. On occasion, Mr. Starks is able to get the attention of an employee to come and hold the door open, allowing Mr. Starks to enter. In late September or early October of 2006, however, one of the employees publicly humiliated Mr. Starks by ridiculing Mr. Starks' disability.

27.    There are two other lottery outlets south of Mr. Starks' apartment that he occasionally patronizes: a store located at 4823 Georgia Avenue, and another store located at 4901 Georgia Avenue. Both of these stores have steps that prevent wheelchair access to the store. At the store located at 4823 Georgia Avenue, the staff does not come out to serve Mr. Starks, so when he has attempted to patronize this store he has had to give his money to

strangers. At the store located at 4901 Georgia Avenue, the staff usually does come out to take Mr. Starks' money.

28.    Upon receiving complaints regarding the difficulty of accessing D.C. Lottery licensees, the Equal Rights Center, itself and through its agents, surveyed 450 of the 475 licensed lottery agents in the District of Columbia (approximately 95% of the licensed agents) for barriers to entry (the "ERC Entrance Survey"). In addition, the Equal Rights Center, itself and through its agents, surveyed an additional 64 random lottery agents for interior barriers that would prevent access to the lottery sales counter and equipment (the "ERC Interior/Exterior Survey").

29.    In conducting these surveys, the Equal Rights Center relied on the standards articulated in the Americans with Disabilities Act Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A, ("the Standards"), which specify standards for, *inter alia*, accessible entrances, accessible routes, space allowances and reach ranges, and controls and operating mechanisms to make facilities accessible to and usable by persons with disabilities.

30.    The ERC Entrance Survey confirms that the inaccessible entrances at lottery agents encountered by Plaintiffs Savage and Starks are not uncommon. Citywide, there were barriers to the entrance at over half (approximately 50.2%) of the lottery agents surveyed, and almost one-third of the lottery agents surveyed had one or more steps at the entry of the store.

31.    Noting that the ERC Entrance survey investigated only entrance barriers and not internal barriers, it bears mentioning that of the 450 lottery agents in the District of Columbia in the ERC Entrance Survey, lottery sites at the following 226 addresses have serious barriers to entry:

|  |  |
|---|---|
| 1000 S Street NW | 20001 |
| 1245 5th Street NW | 20001 |
| 2007 1st Street NW | 20001 |
| 2904 Georgia Avenue NW | 20001 |
| 1401 6th Street NW | 20001 |

| | |
|---|---|
| 1813 Adams Mill Road NW | 20001 |
| 301 P Street NW | 20001 |
| 2601 Sherman Avenue NW | 20001 |
| 2250 Sherman Avenue NW | 20001 |
| 1211 11th Street NW | 20001 |
| 1541 7th Street NW | 20001 |
| 1936 11th Street NW | 20001 |
| 2737 Sherman Avenue NW | 20001 |
| 2628 11th Street NW | 20001 |
| 2200 Flagler Place NW | 20001 |
| 1545 New Jersey Avenue NW | 20001 |
| 1201 5th Street NW | 20001 |
| 602 H Street NW | 20001 |
| 441 New Jersey Avenue NW | 20001 |
| 1748 7th Street NW | 20001 |
| 1018 Rhode Island Avenue NW | 20001 |
| 1337 11th Street NW | 20001 |
| 1907 9th Street NW | 20001 |
| 1942 1st Street NW | 20001 |
| 1428 9th Street NW | 20001 |
| 1935 9th Street NW | 20001 |
| 1011 Connecticut Avenue NW | 20001 |
| 1511 7th Street NW | 20001 |
| 101 Rhode Island Avenue NW | 20001 |
| 645 Florida Avenue NW | 20001 |
| 407 8th Street NW | 20002 |
| 241 Massachusetts Avenue NE | 20002 |
| 1835 Benning Road NE | 20002 |
| 1151 Bladensburg Road NE | 20002 |
| 200 Massachusetts Avenue NE | 20002 |
| 539 8th Street NE | 20002 |
| 2303 4th Street NE | 20002 |
| 1232 5th Street NE | 20002 |
| 2501 N. Capitol Street NE | 20002 |
| 1406 H Street NE | 20002 |
| 712 H Street NE | 20002 |
| 701 H Street NE | 20002 |
| 234 15th Street NE | 20002 |
| 415 H Street NE | 20002 |
| 1237 Mt. Olivet Road NE | 20002 |
| 1923 Lincoln Road NE | 20002 |
| 1801 West Virginia Avenue NE | 20002 |
| 401 Rhode Island Avenue NE | 20002 |
| 1111 H Street NE | 20002 |
| 50 Florida Avenue NE | 20002 |
| 1801 Montana Avenue NE | 20002 |
| 724 S. Capitol Street NE | 20002 |

| | |
|---|---|
| 1801 New York Avenue NE | 20002 |
| 1625 New York Avenue NE | 20002 |
| 1402 H Street NE | 20002 |
| 201 15th Street NE | 20002 |
| 2318 4th Street NE | 20002 |
| 1727 North Capitol Street NE | 20002 |
| 1179 3rd Street NE | 20002 |
| 1100 4th Street NE | 20002 |
| R & North Capitol Street NE | 20002 |
| 1310 North Capitol Street NW | 20002 |
| 1300 North Capitol Street NW | 20002 |
| 101 15th Street NE | 20003 |
| 1504 East Capitol Street NE | 20003 |
| 1400 Pennsylvania Avenue SE | 20003 |
| 700 L Street SE | 20003 |
| 326-28 Kentucky Avenue SE | 20003 |
| 503 8th Street SE | 20003 |
| 901 11th Street SE | 20003 |
| 643 Pennsylvania Avenue SE | 20003 |
| 1501 Pennsylvania Avenue SE | 20003 |
| 333 Pennsylvania Avenue SE | 20003 |
| 1500 Independence Avenue SE | 20003 |
| 1453 Pennsylvania Avenue SE | 20003 |
| 1001 South Capitol Street SW | 20003 |
| 504 10th Street NW | 20004 |
| 1400 Rhode Island NW | 20005 |
| 1341 14th Street NW | 20005 |
| 1337 14th Street NW | 20005 |
| 1323 14th Street NW | 20005 |
| 1029 Vermont Avenue NW | 20005 |
| 1926 I Street NW | 20006 |
| 2617 P Street NW | 20007 |
| 3003 M Street NW | 20007 |
| 3206 O Street NW | 20007 |
| 2400 Wisconsin Avenue NW | 20007 |
| 4554 MacArthur Boulevard NW | 20007 |
| 1326 Wisconsin Avenue NW | 20007 |
| 3000 Connecticut Avenue NW | 20008 |
| 3423 Connecticut Avenue NW | 20008 |
| 4940 Connecticut Avenue NW | 20008 |
| 2600 14th Street NW | 20009 |
| 1115 U Street NW | 20009 |
| 2202 18th Street NW | 20009 |
| 1700 U Street NW | 20009 |
| 2011 14th Street NW | 20009 |
| 1334 U Street NW | 20009 |
| 1618 17th Street NW | 20009 |

| | |
|---|---|
| 1712 14th Street NW | 20009 |
| 1700 Euclid Street NW | 20009 |
| 1901 New Hampshire Avenue NW | 20009 |
| 2655 15th Street NW | 20009 |
| 2216 18th Street NW | 20009 |
| 1766 Florida Avenue NW | 20009 |
| 1616 14th Street NW | 20009 |
| 2009 14th Street NW | 20009 |
| 1726 Columbia Road NW | 20009 |
| 2000 14th Street NW | 20009 |
| 1900 16th Street NW | 20009 |
| 1711 17th Street NW | 20009 |
| 2400 14th Street NW | 20009 |
| 2427 18th Street NW | 20009 |
| 2012 T Street NW | 20009 |
| 2203 14th Street NW | 20009 |
| 1846 13th Street NW | 20009 |
| 1841 Columbia Road NW | 20009 |
| 3661 Georgia Avenue NW | 20010 |
| 3320 Brown Street NW | 20010 |
| 3401 14th Street NW | 20010 |
| 3501 Georgia Avenue NW | 20010 |
| 3475 14th Street NW | 20010 |
| 3713 New Hampshire Avenue NW | 20010 |
| 3504 Georgia Avenue NW | 20010 |
| 3712 14th Street NW | 20010 |
| 3100 Mount Pleasant Street NW | 20010 |
| 3651 Georgia Avenue NW | 20010 |
| 3614 Georgia Avenue NW | 20010 |
| 1500 Ogden Street NW | 20010 |
| 3400 13th Street NW | 20010 |
| 1452 Park Road NW | 20010 |
| 3243 Mount Pleasant Street NW | 20010 |
| 3058 Mount Pleasant Street NW | 20010 |
| 3205 Georgia Avenue NW | 20010 |
| 5018 Rock Creek Church Road NE | 20011 |
| 6201 New Hampshire Avenue NE | 20011 |
| 6200 Eastern Avenue NE | 20011 |
| 300 Riggs Road NE | 20011 |
| 3904 14th Street NW | 20011 |
| 4823 Georgia Avenue NW | 20011 |
| 6111 Blair Road NW | 20011 |
| 4901 Georgia Avenue NW | 20011 |
| 3819 Georgia Avenue NW | 20011 |
| 5505 14th Street NW | 20011 |
| 829 Kennedy Street NW | 20011 |
| 922 Kennedy Street NW | 20011 |

| | |
|---|---|
| 400 Kennedy St NW | 20011 |
| 6205 Georgia Avenue NW | 20011 |
| 5501 Colorado Avenue NW | 20011 |
| 5205 Georgia Avenue NW | 20011 |
| 5307 Georgia Avenue NW | 20011 |
| 701 Kennedy St NW | 20011 |
| 4801 Georgia Avenue NW | 20011 |
| 5433 Georgia Avenue NW | 20011 |
| 620 Kennedy Street NW | 20011 |
| 213 Upshur Street NW | 20011 |
| 4701 Georgia Avenue NW | 20011 |
| 5900 Georgia Avenue NW | 20011 |
| 5403 Georgia Avenue NW | 20011 |
| 6350 Georgia Avenue NW | 20011 |
| 5501 1st Street NW | 20011 |
| 900 Kennedy Street NW | 20011 |
| 1247 Shepherd Street NW | 20011 |
| 5425 5th Street NW | 20011 |
| 5001 Georgia Avenue NW | 20011 |
| 4413 14th Street NW | 20011 |
| 823 Upshur Street NW | 20011 |
| 4400 Georgia Avenue NW | 20011 |
| 6220 Georgia Avenue NW | 20011 |
| 6900 4th Street NW | 20012 |
| 7421 Georgia Avenue NW | 20012 |
| 3128 Georgia Avenue NW | 20012 |
| 7350 Georgia Avenue NW | 20012 |
| 7815 Georgia Avenue NW | 20012 |
| 6925 4th Street NW | 20012 |
| 4900 Wisconsin Avenue NW | 20016 |
| 4326 Wisconsin Avenue NW | 20016 |
| 4975 S. Dakota Avenue NE | 20017 |
| 3736 10th Street NE | 20017 |
| 3501 12th Street NE | 20017 |
| 2723 7th Street NE | 20017 |
| 3934 12th Street NE | 20017 |
| 3513 12th Street NE | 20017 |
| 3903 12th Street NE | 20017 |
| 1319 Rhode Island NE | 20018 |
| 2310 Rhode Island NE | 20018 |
| 914 Rhode Island NE | 20018 |
| 547 42nd Street NE | 20019 |
| 3445 Benning Road NE | 20019 |
| 4169 Minnesota Avenue NE | 20019 |
| 4920 Central Avenue NE | 20019 |
| 740 Kenilworth Avenue NE | 20019 |
| 1612 Kenilworth Avenue NE | 20019 |

| | |
|---|---|
| 3542 East Capitol Street NE | 20019 |
| 605 Division Street NE | 20019 |
| 4347 Hunt Place NE | 20019 |
| 5319 East Capitol Street NE | 20019 |
| 4003 Gault Street NE | 20019 |
| 5000 Benning Road SE | 20019 |
| 4350 Texas Avenue SE | 20019 |
| 1806 D Street NE | 20020 |
| 2209 Alabama Avenue SE | 20020 |
| 1449 Howard Road SE | 20020 |
| 2216 Martin Luther King Avenue SE | 20020 |
| 2300 Pennsylvania Avenue SE | 20020 |
| 2201 Minnesota Avenue SE | 20020 |
| 2339 Pennsylvania Avenue SE | 20020 |
| 600 Alabama Avenue SE | 20020 |
| 2420 Martin Luther King Avenue SE | 20020 |
| 2400 Minnesota Avenue SE | 20020 |
| 3235 Pennsylvania Avenue SE | 20020 |
| 2518 Pennsylvania Avenue SE | 20020 |
| 2648 Naylor Road SE | 20020 |
| 1301 South Capitol Street SW | 20024 |
| 3705 Martin Luther King Avenue SE | 20032 |
| 3505 Wheeler Road SE | 20032 |
| 3333 Martin Luther King Avenue SE | 20032 |
| 2931 Martin Luther King Avenue SE | 20032 |
| 3929 South Capitol Street SW | 20032 |
| 3919 South Capitol Street SW | 20032 |
| 1730 Rhode Island Avenue NW | 20036 |
| 2001 M Street NW | 20036 |
| 1618 8th Street NW | 20037 |
| 2200 P Street NW | 20037 |
| 2100 M Street NW | 20037 |
| 2159 P Street NW | 20037 |

32.    The degree of inaccessibility varies greatly from quadrant to quadrant, and neighborhood to neighborhood. In some neighborhoods it is difficult to find a lottery agent with an accessible entrance. For example, in the Northwest quadrant, 58% of the sites surveyed had inaccessible entrances, and 42% of the sites had one or more steps.

33.    The following photographs illustrate just two of hundreds of inaccessible stores selling lottery tickets throughout Washington, D.C.:





34.    It is important to note that the ERC Entrance Survey did not evaluate barriers beyond the front door.  Upon information and belief, many of the lottery agents with an accessible entrance have serious interior barriers that prevent an individual using a wheelchair from playing the lottery at that site.

35.    In fact, the ERC Interior/Exterior Survey, which surveyed 64 randomly selected lottery agents for only the most basic elements relating to access to the D.C. Lottery (but not such elements as accessibility to merchandise aisles and restrooms) revealed that fewer than ten percent (only six of the 64 surveyed) provided both exterior and interior access to their D.C. Lottery sales counter and lottery equipment.

36.    It was feasible, and continues to be feasible, to promulgate policies and practices to ensure that the D.C. Lottery is accessible to and usable by persons with disabilities by the application of accessibility standards on lottery agent licensee applicants.

37.    Despite knowledge that their activities violate the law, Defendants continue to license lottery agents whose businesses cannot be used by the mobility-impaired public such as Plaintiffs Savage, Starks, and many of the members of the Equal Rights Center who live in the District, work in the District, or visit the District.

38.    Plaintiffs Savage and Starks and many of the members of Plaintiffs Equal Rights Center play, or attempt to play, the D.C. Lottery on a regular basis, or would do so but for prior experiences revealing the futility of such attempts.  Many who do succeed in playing the lottery incur additional costs, both in terms of time and money, to reach accessible locations.

39.    Based on information and belief, Defendants issue licenses and renew licenses of lottery sales agents with inaccessible businesses without regard to whether these sales agents' places of business are accessible to people with mobility impairments.

## CAUSES OF ACTION

### COUNT I
### Violation of the Americans with Disabilities Act,
### 42 U.S.C. § 12132 *et seq.*, 28 C.F.R. § 35.130 *et seq.*,

40.     Plaintiffs adopt and incorporate each and every allegation in this complaint as if set forth fully herein.

41.     Defendants District of Columbia and Director Jeanette A. Michael in her official capacity are "public entities" within the meaning of Title II of the Americans with Disabilities Act.

42.     Defendants have, since the effective date of the Americans with Disabilities Act, issued and renewed licenses to lottery sales agents whose businesses are not readily accessible to or usable by persons with disabilities.

43.     Defendants' policies and practices of issuing licenses and renewing licenses of lottery sales agents with inaccessible businesses without regard to whether these sales agents' places of business are accessible to people with mobility impairments violate the Americans with Disabilities Act, 42 U.S.C. § 12132, by excluding them from participation in and denying them the same opportunity as non-disabled persons to the benefits of the D.C. Lottery because of their disability.

44.     Defendants violate Title II of the Americans with Disability Act and its Regulations, 28 C.F.R. Part 35, because they have directly or through contractual, licensing or other arrangements on the basis of disability:

> (i) denied qualified individuals with disabilities the opportunity to participate in or benefit from the D.C. Lottery;

> (ii) afforded qualified individuals with disabilities an opportunity to participate in or benefit from the D.C. Lottery that is not equal to that afforded others;

(iii) provided qualified individuals with disabilities with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

(iv) aided or perpetuated discrimination against qualified individuals with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability; and

(v) otherwise limited qualified individuals with a disability in the enjoyment of the rights, privileges, advantages, or opportunities afforded by the D.C. Lottery equal to those enjoyed by others participating in the D.C. Lottery

in violation of 28 C.F.R. §§ 35.130(b)(1).

45.     Defendants are in further violation of Title II of the Americans with Disability Act and its Regulations, because they have directly or through contractual or other arrangements utilized criteria or methods of administration:

(i) that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; and

(ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities

in violation of 28 C.F.R. §§ 35.130(b)(3).

46.     Defendants further violate Title II of the Americans with Disability Act and its Regulations, because they have, in determining the site or location of D.C. Lottery Board facility, made selections:

(i) that have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination; or

(ii) that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the service, program, or activity with respect to individuals with disabilities

in violation of 28 C.F.R. § 35.130(b)(4).

47.    Defendants further violate Title II of the Americans with Disability Act and its

Regulations, because they have administered the D.C. Lottery Board licensing program in a

manner that subjects qualified individuals with disabilities to discrimination on the basis of

disability, in violation of 28 C.F.R. § 35.130(b)(6).

48.    These actions and inactions constitute violations of the Americans with

Disabilities Act.

### COUNT II
### Violation of the Rehabilitation Act,
### 29 U.S.C. § 794 *et seq.*, 28 C.F.R. § 41.51 *et seq.*, 49 C.F.R. Pt. 27 *et seq.*,

49.    Plaintiffs adopt and incorporate each and every allegation in this complaint as if

set forth fully herein.

50.    Defendants District of Columbia and Director Jeanette A. Michael in her official

capacity receive federal financial assistance from the United States and various federal agencies.

51.    Defendants have, since the effective date of the Americans with Disabilities Act,

issued and renewed licenses to lottery sales agents whose businesses are not readily accessible to

or usable by persons with disabilities.

52.    Defendants' policies and practices of issuing licenses and renewing licenses of

lottery sales agents with inaccessible businesses without regard to whether these sales agents'

places of business are accessible to people with mobility impairments subjects qualified persons

with disabilities to discrimination and excludes them from participation in and denies them the

benefits of the services and activities of the D.C. Lottery Board.

53.    Defendants' policies and practices of issuing licenses and renewing licenses of

lottery sales agents with inaccessible businesses without regard to whether these sales agents'

places of business are accessible to people with mobility impairments provides qualified persons

with disabilities an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result or gain the same benefit as that provided to others.

54.    These actions and inactions are violations of Section 504 of the Rehabilitation Act and its implementing Regulations.

## COUNT III
### Violation of the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.,*

55.    Plaintiffs adopt and incorporate each and every allegation in this complaint as if set forth fully herein.

56.    Defendants have, since the effective date of the Americans with Disabilities Act, issued and renewed licenses to lottery sales agents whose businesses are not readily accessible to or usable by persons with disabilities.

57.    Defendants' policies and practices of issuing licenses and renewing licenses of lottery sales agents with inaccessible businesses without regard to whether these sales agents' places of business are accessible to people with mobility impairments subjects qualified persons with disabilities to discrimination and excludes them from participation in and denies them the benefits of the services and activities of the D.C. Lottery.

58.    Defendants' policies and practices of issuing licenses and renewing licenses of lottery sales agents with inaccessible businesses without regard to whether these sales agents' places of business are accessible to people with mobility impairments provides qualified persons with disabilities an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result or gain the same benefit as that provided to others.

59.    These actions and inactions constitute violations of the D.C. Human Rights Act.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for the following relief:

(a)    A judgment declaring, pursuant to 28 U.S.C. § 2201, that Defendants' conduct as alleged herein violates the laws and regulations of the United States and of the laws and regulations of the District of Columbia;

(b)    An injunction and/or writ, pursuant to 28 U.S.C. § 1651 and other grants of equitable authority, that Defendants immediately and permanently stop issuing new D.C. Lottery licenses or renewing D.C. Lottery licenses which would result in the sales of D.C. Lottery tickets in businesses inaccessible to persons with disabilities;

(c)    An award of money damages to the Plaintiffs in an amount to be proven at trial for injuries caused by the unlawful conduct of the Defendants, including economic injuries, and physical, mental, and emotional injuries, as well as the expenditure of resources by the organizational plaintiffs due to the frustration of their missions;

(d)    An award of reasonable attorneys' fees, costs, and other expenditures resulting from bringing this action, pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), 42 U.S.C. § 1988, and D.C. Code § 2-1403.16;

(e)    An award of pre-judgment and post-judgment interest; and

(f)    Such other relief as is just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all counts.

Respectfully submitted,

E. Elaine Gardner (D.C. Bar No. 271262)
WASHINGTON LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.  Suite 400
Washington, DC 20036
(202) 319-1000 ext. 131
(202) 319-1010 (fax)

Eugene Goldman (D.C. Bar No. 939959)
Daniel Mullen (D.C. Bar No. 469672)
Peter Tolsdorf (Application to D.C. Bar pending;
  admitted to practice in Connecticut only)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
(202) 756-8000
(202) 756-8087 (fax)

*Counsel for Plaintiffs*

Dated: November 14, 2006

WDC99 1308895-6.009967.0478

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Equal Rights Center; Katie Savage; Lewis Starks

*11001*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

District of Columbia; Jeanette A. Michael, Director
D.C. Lottery and Charitable Games Control Board

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

E. Elaine Gardner, Washington Lawyers' Committee for Civil Rights and Urban
Affairs, 11 Dupont Circle, NW, Suite 400, Washington, DC 20036

Eugene Goldman, Daniel Mullen, and Peter Tolsdorf
McDermott Will & Emery
600 Thirteenth Street, NW, Washington DC 20005

CASE NUMBER   1:06CV01942

JUDGE: Gladys Kessler

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/14/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

⊙ 3 Federal Question
(U.S. Government Not a Party)

O 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP
FOR PLAI...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| O **A.** *Antitrust* | O **B.** *Personal Injury/ Malpractice* | O **C.** *Administrative Agency Review* | O **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O **E.** *General Civil (Other)* | OR | O **F.** *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

②

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ◉ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defendants' violation of 42 U.S.C. 12132 et seq. and 29 U.S.C. 794 et seq. by licensing non-ADA-compliant lottery sales agents

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  November 14, 2006   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.