UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER *et al.*<br>　　　　　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*<br>　　　　　　Defendants. | Case No. 1:06-CV-01942-GK<br>Judge Gladys Kessler<br><br>Deck Type: Civil Rights (non-employment)<br><br>Jury Trial Demanded |

### Parties' Joint Meet & Confer Statement

Pursuant to Local Rule 16.3, the Parties conferred by telephone on February 14, 2007. This report sets out positions of the parties and any agreements reached. The Parties set forth below the relevant text of each sub part of the rule (in bold) followed by the Parties' joint position, if there is one, or by the Plaintiffs' and the Defendants' positions where they are not in agreement.

**16.3(c)(1): Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Parties agree that, at this point, there are issues of fact which would appear to preclude the disposition of this case by dispositive motion. Should material facts not be at issue, the Parties agree that dispositive motions may be appropriate.

**16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Parties do not anticipate at this time the need to join additional parties or to amend the pleadings. However, if either action is taken, Parties recommend that such action must occur within thirty (30) days of the expiration of discovery.

1

**16.3(c)(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Parties recommend that this case remain assigned to Judge Kessler.

**16.3(c)(4): Whether there is a realistic possibility of settling the case.**

Parties have begun to engage in settlement discussions, and have scheduled their next settlement meeting for March 19, 2007. At this point, it is too early to determine whether settlement discussions will be fruitful.

**16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

> **(i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

*Plaintiffs' position*: Plaintiffs do not believe that Alternative Dispute Resolution will be beneficial at this point. If Plaintiffs observe that settlement discussions will be enhanced with the use of ADR, Plaintiffs will inform the Court.

*Defendants' position*: Defendants are amenable to Alternative Dispute Resolution and believe that it would be helpful in this case.

**16.3(c)(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

*Plaintiffs' position*: Plaintiffs believe that elements of this matter may be resolved by motions for summary judgment after the close of discovery. Plaintiffs recommend that any summary judgment motions be due forty-five (45) days after close of discovery; responses in opposition be due thirty (30) days thereafter; and replies be due thirty (30) days thereafter.

*Defendants' position*: Defendants agree, but recommend that summary judgment motions be due seventy-five (75) days after close of discovery, responses in opposition be due forty-five (45) days thereafter; and replies be due thirty (30) days thereafter.

**16.3(c)(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Parties recommend that initial disclosures required by Fed. R. Civ. P. 26(a)(1) be exchanged seven days after the Court issues its Scheduling Order.

**16.3(c)(8): The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

*Plaintiffs' position*:

a. Plaintiffs recommend 200 days for discovery. Plaintiffs recommend that the dates for discovery begin on the date the Court issues the Scheduling Order and proceed as follows:

| | | |
|---|---|---|
| i. | Initial Disclosures exchanged | 7 days |
| ii. | Close of non-expert discovery | 90 days |
| iii. | Proponent Expert reports submitted | 120 days |

3

      iv.    Rebuttal Expert reports submitted    180 days

      v.    Deposition of Experts completed    200 days

b. Plaintiffs recommend the following discovery and limits. All time limits not specified shall be those set forth in the Federal Rules of Civil Procedure:

- Non-expert depositions be limited to fifteen by each side. Each deposition will be limited to seven hours, which may be spread over no more than two days, unless otherwise agreed to by the parties. A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the parties. Each side may hold two additional depositions for expert witnesses.
- Each side be granted 35 interrogatories.
- No limit on the document requests for either side.
- No limit on the number of requests for admissions.

c. If Defendants seek medical records or information during discovery, Plaintiffs recommend that the Court issue a protective order to safeguard the confidentiality of medical information. In that eventuality, Plaintiffs recommend the parties attempt to agree to the text of any such proposed order.

d. Plaintiffs recommend the following limitations on expert discovery:

    i. An expert's draft reports will not be required to be produced to an opposing party;

    ii. Communications, including notes reflecting communications, between an expert and the attorney who has retained the expert will not be discoverable except on a showing of exceptional circumstances as determined by the Court;

    iii. Nothing in the preceding paragraph will preclude opposing counsel from obtaining any facts or data that a testifying expert is relying on in forming his or her opinion, including that coming from counsel, or from otherwise inquiring fully of a testifying expert into what facts or data the expert considered, whether the expert considered alternative approaches, or into the validity of the expert's opinions.

*Defendants' position*:

a. Defendants recommend 260 days for discovery. Defendants recommend that the dates for discovery begin on the date the Court issues the Scheduling Order and proceed as follows:

| | | |
|---|---|---|
| i. | Initial Disclosures exchanged | 7 days |
| ii. | Close of non-expert discovery | 150 days |
| iii. | Proponent Expert reports submitted | 180 days |
| iv. | Rebuttal Expert reports submitted | 240 days |
| v. | Deposition of Experts completed | 260 days |

b. Defendants otherwise agree with Plaintiffs' recommendations on discovery, except that they would place limits of eight non-expert depositions, limited to four hours each and 30 to the number of

requests for admission, and limit non-expert depositions to no more than eight with a maximum of four hours each.

**16.3(c)(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

*Plaintiffs' position*: Plaintiffs recommend the following with regard to expert witnesses: The Parties confer no later than the 10 days before the close of non-expert discovery regarding the need for experts. If neither side elects to retain an expert witness, then discovery will close on the 90th day, as specified in paragraph (a)(ii) of Plaintiffs' response to 16.3(c)(8), and motions for summary judgment will be due in accordance with the provisions set forth in Plaintiffs' response to 16.3(c)(6), starting from the 90th day. If either side elects to retain experts, the Parties shall exchange expert witness disclosures and reports 30 days after the close of non-expert discovery. The expert witness disclosure and report for each rebutting witness will be given 60 days after receipt of the report that it rebuts. Depositions of all expert witnesses will occur within 20 days after exchange of all expert witness reports.

*Defendants' position*: Defendants are not in a position at this stage to estimate their time requirements for expert witness discovery.

**16.3(c)(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

It is the Parties' position that this suit is not a class action and therefore, Local Civil Rule 16.3(c)(10) is not applicable.

**16.3(c)(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point, the Parties recommend that that neither the trial nor the discovery should be bifurcated. The Parties wish to reserve the right to revisit the issue of bifurcation or management in phases at a later point, should a need for such management arise.

**16.3(c)(12): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

*Plaintiffs' position*: Plaintiffs respectfully request a pre-trial conference thirty (30) to sixty (60) days after the Court rules on post-discovery summary judgment motions, or thirty (30) to sixty (60) days after the close of discovery should there be no post-discovery summary judgment motions.

*Defendants' position*: Defendants recommend that the date for a pre-trial conference be left open at this time, pending later agreement by Parties.

**16.3(c)(13): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

*Plaintiffs' position*: Plaintiffs respectfully request that the Court set a trial date in its first scheduling order.

*Defendants' position*: Defendants respectfully request that the Court set a trial date at the pretrial conference.

**16.3(c)(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, the Parties do not believe any other matters are appropriate for inclusion in the Scheduling Order.

Dated: February 22, 2007                    RESPECTFULLY SUBMITTED,

| | |
|---|---|
| LINDA SINGER<br>Acting Attorney General<br>For the District of Columbia<br><br>GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division<br><br>_____/s/_____<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section II<br><br>_____/s/_____<br>CARY D. POLLAK [#055400]<br>Senior Assistant Attorney General<br><br>*Attorneys for the Defendants* | /s/ <u>Eugene Goldman</u><br>Eugene Goldman (D.C. Bar No. 939959)<br>Daniel A. Mullen (D.C. Bar No. 469472)<br>MCDERMOTT WILL & EMERY LLP<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096<br>Tel: (202) 756-8000<br>Fax: (202) 756-8087<br><br>E. Elaine Gardner (D.C. Bar No. 271262)<br>WASHINGTON LAWYER'S COMMITTEE FOR<br> CIVIL RIGHTS AND URBAN AFFAIRS<br>11 Dupont Circle, N.W., Suite 400<br>Washington, D.C. 20036<br>Tel: (202) 319-1000<br>Fax: (202) 319-1010<br><br>*Attorneys for the Plaintiffs* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EQUAL RIGHTS CENTER *et al.*

                Plaintiffs,

v.

DISTRICT OF COLUMBIA *et al.*

                Defendants.

Docket No. 1:06-CV-01942-GK

## [Plaintiffs' Proposed] Scheduling Order[1]

Upon consideration of the Parties' Joint Rule 16.3 Report, it is hereby ORDERED as follows:

1. Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by not later than seven days after the date of this Scheduling Order.

2. The Parties' discovery shall be subject to the following limits:

    a. Non-expert depositions shall be limited to fifteen by each side. Each side may hold two additional depositions for expert witnesses. Depositions shall be noticed at least 10 days in advance. Depositions shall not exceed seven hours in length, and may not spread over a period of more than two days, unless otherwise agreed to by the parties.

    b. Each side shall be limited to 35 interrogatories, and responses shall be served 30 days thereafter.

---

[1] Defendants request that if the court enters the scheduling order in this form, then all dates and numbers proposed by the defendants should be entered into the order.

1

    c. There shall be no limit on the number of document requests. The parties shall have 30 days to reply to document requests.

    d. There shall be no limit on the number of requests for admissions. The parties shall have 30 days to reply to requests for admissions.

3.     Non-expert discovery shall close on day the 90th day following the date of this Scheduling Order [_____, 2007]. If the parties continue with expert discovery, then proponent expert reports will be due on the 120th day following the date of this Scheduling Order [_____, 2007], rebuttal expert reports will be due on the 180th day following the date of this Scheduling Order [_____, 2007], and that stage of discovery will close on the 200th day following the date of this Scheduling Order [_____, 2007].

4.     Expert discovery shall be limited as follows:

    i. An expert's draft reports will not be required to be produced to an opposing party;

    ii. Communications, including notes reflecting communications, between an expert and the attorney who has retained the expert will not be discoverable except on a showing of exceptional circumstances as determined by the Court;

    iii. Nothing in the preceding paragraph will preclude opposing counsel from obtaining any facts or data that a testifying expert is relying on in forming his or her opinion, including that coming from counsel, or from otherwise inquiring fully of a testifying expert into what facts or data the expert considered, whether the expert

considered alternative approaches, or into the validity of the expert's opinions.

5. The Parties shall amend the pleadings or join additional parties within 30 days of the expiration of discovery.

6. Dispositive motions shall be filed 45 days after the close of discovery. The Parties are ordered to meet not later than the 100th day following the date of this Scheduling Order, to make elections with respect to expert witnesses and to report to the Court accordingly.

   a. If there will be no expert witnesses, then motions for summary judgment are due on the 135th day following the date of this Scheduling Order, [_____, 2007]; responses are due on the 165th day following the date of this Scheduling Order [_____, 2007]; and replies are due on the 195th day following the date of this Scheduling Order [_____, 2007].

   b. If the case continues with expert discovery, then motions for summary judgment are due on the 245th day following the date of this Scheduling Order [_____, 2007], responses are due on the 275th day following the date of this Scheduling Order [_____, 2007]; and replies are due on the 305th day following the date of this Scheduling Order [_____, 2007].

**It is so ORDERED.**

Dated this _____ day of _____, 2007.

_____
Judge G. Kessler
United States District Court

4